B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Arbelaez Investments, LLC | Alice Elaine Bower |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Lance Erickson, Manning & Meyers<br>4340 N. Central Expressway, Suite 200<br>Dallas, Texas 75206          (214) 823-6600 | |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor        ☐ Other<br>☐ Trustee | ☑ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor        ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

*Plaintiff holds legal title to the property at issue, which was involved in an earlier adversary proceeding (Case No. 20-04011-elm) tried in 2022 and taken under advisement. Pending that opinion, Defendant has filed her bankruptcy petition in this matter (Case No. 23-40403-mxm7), and wrongly noticed the property for foreclosure on March 7, 2023. Plaintiff is ready, willing, and able to pay off in full any superior lien held by Defendant. Defendant has refused. Plaintiff seeks to exercise his right of redemption and enjoin Defendant from further efforts to wrongfully foreclose on the property.*

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☑ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☑ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Alice Elaine Bower | BANKRUPTCY CASE NO.<br>23-40403-mxm7 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Texas | DIVISION OFFICE<br>Fort Worth | NAME OF JUDGE<br>Judge Mark X. Mullin |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Lance Erickson | | |
| DATE<br>March 3, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Lance Erickson | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Lance Erickson
Texas Bar No. 24072509
MANNING & MEYERS
Attorneys at Law
4340 N. Central Expressway, Suite 200
Dallas, Texas 75206
Telephone: (214) 823-6600
Facsimile:  (214) 821-3800
Email: Lance@HOALegal.com

**ATTORNEY FOR ARBELAEZ INVESTMENTS, LLC**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 23-40403-mxm7** |
| **IAN LLOYD BOWER and** | § | |
| **ALICE ELAINE BOWER,** | § | **Chapter 7** |
| | § | |
| Debtors. | § | |
| | | |
| **ARBELAEZ INVESTMENTS, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | **Adversary No. _____** |
| | § | |
| **ALICE ELAINE BOWER,** | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT
## AND APPLICATION FOR TEMPORARY INJUNCTION AND/OR
## TEMPORARY RESTRAINING ORDER

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE MARK X. MULLIN:

NOW COMES, Arbelaez Investments, LLC, Plaintiff herein, filing this Verified Original Complaint and Application for Temporary Injunction and/or Temporary Restraining Order against Alice Elaine Bower, hereinafter referred to as Defendant.  Plaintiff respectfully shows unto the Court as follows:

A.

1. Defendant is a debtor in the underlying Chapter 7 bankruptcy case filed on February 12, 2023.

B.

**PARTIES AND SERVICE**

2. Plaintiff Arbelaez Investments, LLC, is a limited liability company doing business in Texas.  Plaintiff may be served through its counsel Lance Erickson, 4340 N. Central Expressway Suite 200, Dallas, TX 75206.

3. Defendant Alice Bower is a Texas attorney and is *pro se* in this matter.  She may be served at 933 Wade Dr., Bedford, TX 76022 and/or via ECF service.

C.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because all of the events giving rise to Plaintiff's claims occurred in this district and Defendant's bankruptcy is filed in this district.  Plaintiff operates its business in Tarrant County, Texas.

6. Pursuant to Federal Rule of Bankruptcy Procedure 7008(a), Plaintiff states that to the extent that the Court determines that any portion of this complaint is non-core, Plaintiff consents to the entry of final orders or judgments in this adversary proceeding by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Further, to the extent that any court determines that the bankruptcy court does not have the

authority to enter final judgment on any cause of action set forth herein, Plaintiff requests

that the Bankruptcy Court issue a report and recommendation for a judgment to the United

States District Court for the Northern District of Texas on any such cause of action.

D.

### **RELEVANT FACTS**

### I.    **Related Matters**

7.  This suit concerns a primary lien purported to be owned by Defendant which encumbers a

property located at 2723 Excalibur Dr., Grand Prairie, Texas 75052 ("Property"), which is

legally described as follows:

> Lot 27, Block E, of PHASE I, KINGSWOOD FORREST ADDITION, an
> Addition to the City of Arlington, Tarrant County, Texas, according to the
> Map thereof recorded in Cabinet A, Slide 4340, of the Plat records of
> Tarrant County, Texas.

8.  Plaintiff asserts that Plaintiff is the legal owner of the Property pursuant to a Foreclosure

Sale Deed filed on June 7, 2018, at Instrument No. D218123087 [Exhibit 1] of the Real

Property Records of Tarrant County, Texas ("Foreclosure Deed").

9.  Since 2020, the Property has been involved in Adversary Proceeding Case No. 20-04011-

elm regarding the second lien foreclosure where Defendant Bower is Counsel for the

Billups, who are Debtors in the underlying case 19-45049.

10. In Case No. 20-04011-elm, Plaintiff Arbelaez asserted a defense as a bona-fide purchaser

for value at the foreclosure sale, and the matter finally was heard in a multi-day trial in

September 2022.

11. The Parties in Case No. 20-04011-elm, Arbelaez and Billups, are currently awaiting the

opinion of the Northern District of Texas that has been under advisement since September

2022.

12. In the interim, Plaintiff Arbelaez's counsel was in contact with the creditor holding the primary lien on the Property as Plaintiff's intention, as made known to counsel for the creditor, was to pay off the primary lien once the Adversary in Case No. 20-04011-elm was resolved as Defendant filed a *lis pendens* encumbering the title of the Property and preventing a marketable sale. [Exhibit 2]

## II.    Present Matter

13. On February 12, 2023, Defendant Bower filed her bankruptcy petition in this present matter.

14. On February 13, 2023, the Court in Case No. 20-04011-elm requested a case status update from Defendant Bower as counsel (Docket #317).

15. On February 14, 2023, Defendant Bower filed a response stating the parties were waiting for the opinion of the Court that has been under advisement since September 22, 2022.

16. On the same day, February 14, 2023, Plaintiff Arbelaez discovered a foreclosure posting ("Foreclosure Notice") for the Property [Exhibit 3] filed by Defendant Bower on February 14, 2023 with the Tarrant County Clerk showing: the Debtor Bower, in her individual capacity, is the Beneficiary of the primary lien on the Property and the foreclosure is set for March 7, 2023.

17. This Foreclosure posting indicates that Debtor Bower, who is present counsel for the original grantors of the note, is foreclosing on Billups, her own clients from Case No. 19-45049-elm.

18. As the primary lien claim in Case No. 19-45049-elm is held by Nationstar Mortgage LLC d/b/a Mr. Cooper, there is no evidence that this claim was transferred apart from the Foreclosure notice from February 14, 2023.

19. The claims registry still shows that Claim No. 8, which is the lien Debtor claims to be foreclosing, is still in the name of Nationstar Mortgage LLC d/b/a/ Mr. Cooper and no transfer of claim has been filed. [Exhibit 4]

20. There is no documentation, other than the Foreclosure Notice and the assertions of Defendant Bower, that Defendant Bower is the beneficiary of the primary lien for the Property.

### III.    Plaintiff Tendered Quoted Payoff That Defendant Rejected

21. On February 15, 2023, despite the lack of a transfer of claim or any evidence supporting the assertion that the Debtor now owns the primary lien on the Property, Counsel for Plaintiff Arbelaez reached out to Defendant Bower for a payoff good for 14 days so that Plaintiff could service and payoff the lien in full. [Exhibit 5]

22. Later in the evening on February 15, 2023, Defendant Bower responded to Counsel for Plaintiff Arbelaez stating that Plaintiff was not the obligor on the note and that there is no indication that Plaintiff has the right to redeem and stated "*Assuming that he has the right to redeem, the payoff is $133,957.43.*" [Exhibit 5]

23. Additionally, out of an abundance of caution, Plaintiff Arbelaez's title company made a request for a payoff of the loan to Defendant Bower on February 16, 2023 at 12:22 p.m. so that Plaintiff Arbelaez could service and satisfy the lien. [Exhibit 6]

24. Fourteen minutes later on February 16, 2023 at 12:36 p.m., Defendant Bower responded to the title company stating that Plaintiff Arbelaez was not entitled to a payoff and would not be providing one. Defendant Bower surprisingly copied Donna and Cedric Billups, her own clients, on the rejection of the payoff.  Donna and Cedric Billups are: (1) the Debtors

in Case No. 19-45049; (2) the Grantors to the note Defendant Bower intends to foreclose

on; (3) Defendant Bower's clients. [Exhibit 6]

25. On February 22, 2023, Defendant Bower sent Plaintiff Arbelaez's counsel an email stating:

*I am withdrawing the property from foreclosure to ensure that I am in full compliance*

*with the foreclosure rules*." [Exhibit 7]

26. As of February 24, 2023 the foreclosure was still pending on the Tarrant County website.

27. On Friday February 24, 2023, Plaintiff Arbelaez, through his agent David Stockman, hand-

delivered a check in certified funds in the amount of $136,000.00 to pay off the note

($2,042.57 more than the payoff amount provided by Defendant Bower) to Defendant

Bower at her personal residence as her legal office has closed.

28. Defendant Bower rejected the check, despite the check being more than the payoff

provided by Defendant Bower and despite it being within the timeframe of the payoff given

Plaintiff Arbelaez's counsel nine days earlier. [Exhibit 8]

29. On the evening of February 24, 2023, Debtor Bower confirmed that she rejected the payoff

and that she would "*provide a full detail of amounts owed as requested*." [Exhibit 7]

30. Additionally, in order to avoid filing the present matter, Debtor Bower suggested a Rule

11 agreement pulling the sale.

31. On Monday February 27, 2023, Plaintiff Arbelaez's Counsel provided Defendant Bower

with a Rule 11 agreement, in PDF format, that stated that Defendant Bower would not sell

the Property and "*will pull the sale from the March 2023 foreclosure sales in Tarrant*

*County, Texas.*" [Exhibit 9]

32. On Monday February 27, 2023, Defendant Bower returned an executed Rule 11.

33. Unbeknownst to Plaintiff Arbelaez, and without notifying Plaintiff's Counsel, the PDF had been altered by Defendant Bower and the language about pulling the sale from the March 2023 foreclosure sale had been removed. [See Docket #14]

34. Assuming the language was the same as the original PDF, counsel for Plaintiff had the Rule 11 filed in the present docket.

35. On March 1, 2024, after reviewing the previously filed Rule 11, Plaintiff Arbelaez's Counsel noticed the changes.  Plaintiff's counsel reached out to Defendant Bower seeking an amended Rule 11. [Exhibit 10]

36. The Amended Rule 11, as proposed by Defendant Bower, was to clarify that "*neither the Defendant nor any agent or trustee, or substitute trustee would be selling the Property at the foreclosure sale on March 7, 2023*" and that Defendant Bower would provide a default notice to Plaintiff Arbelaez prior to any future foreclosure posting.  [Exhibit 11]

37. Under the filed Rule 11 agreement it is possible for the substitute trustee, Adrian Spearman, or any other duly appointed substitute trustee, to sell the Property at foreclosure sale on March 7, 2023.

38. As of March 3, 2023, the Amended Rule 11 Agreement has not been returned by Defendant Bower to Plaintiff Arbelaez.

39. Plaintiff Arbelaez has had legal title to the Property since 2018 and has made significant improvements to the Property since gaining possession of the Property in 2020.

40. Including the purchase price of $49,000.00 paid by Plaintiff at the Foreclosure Sale in 2018, Plaintiff has made improvements to the Property in excess of $100,000.00.

41. If Defendant Bower were to foreclose upon the Property, Plaintiff Arbelaez would suffer a significant financial loss.

42. Plaintiff Arbelaez remains ready, willing and able to pay off the lien held by Defendant.

E.

### FIRST CAUSE OF ACTION – EQUITABLE REDEMPTION

43. Plaintiff Arbelaez hereby incorporates by reference and realleges all facts above, herein, and below as if fully set forth herein.

44. Plaintiff Arbelaez asserts a claim for equitable redemption.

45. Plaintiff Arbelaez, as purchaser at a junior lien foreclosure, "*takes the property charged with the primary liability for the payment of the prior mortgage and must therefore service the prior liens to prevent loss of the property by foreclosure of the prior liens.*"[1]

46. A claim for equitable redemption provides the Plaintiff, who is the legal owner of the Property, with the ability to satisfy this liability to the prior liens.

47. A claim for equitable redemption has three elements: 1) that the plaintiff has an equitable or legal right to the Property at issue; 2) that the plaintiff would suffer a loss from foreclosure; and 3) that the plaintiff is "*ready, able, or willing to redeem the properties in controversy by paying off the amount of valid and subsisting liens to which the properties [are] subject.*"[2]

48. As stated above, Plaintiff Arbelaez has a legal right to the Property pursuant to the Foreclosure Deed that was filed with the County Clerk of Tarrant County, Texas on June 7, 2018, at Instrument No. D218123087.

---

[1] *Conversion Properties, LLC v. Kessler*, 994 S.W.2d 810, 813 (Tex. App.—Dallas 1999, pet. denied).

[2] *Scott v. Dorothy B. Schneider Estate Tr.*, 783 S.W.2d 26, 28 (Tex. App.—Austin 1990, no writ).

49. Plaintiff would suffer a significant financial loss should the property be foreclosed without Plaintiff being able to tender satisfaction of the lien as Plaintiff Arbelaez has attempted to do.

50. Plaintiff Arbelaez has established that Plaintiff is ready, willing and able to tender the amount of the lien by verification and by the prior attempt to tender that amount that was rejected by Defendant Bower.

F.

## SECOND CAUSE OF ACTION – DECLARATORY JUDGMENT

51. Plaintiff Arbelaez hereby incorporates by reference and realleges all facts above, herein, and below as if fully set forth herein.

52. Pursuant to 28 U.S.C. § 157 and Chapter 37 of the Texas Civil Practice & Remedies Code (the "Uniform Declaratory Judgment Act"), Plaintiff request that this court declare:

   a. that Plaintiff Arbelaez is entitled to tender satisfaction of Defendant Bower's lien under *equitable redemption;*

   b. that Defendant must provide a payoff amount to Plaintiff Arbelaez in order for Plaintiff to service, pay off and discharge the mortgage Note.

G.

## APPLICATION FOR TEMPORARY INJUNCTION AND/OR APPLICATION FOR TEMPORARY RESTRAINING ORDER

53. Plaintiff Arbelaez hereby incorporates by reference and realleges all facts above, herein, and below as if fully set forth herein.

54. This Application for Temporary Injunction, or if there is insufficient time for notice, Application for Temporary Restraining Order, is brought pursuant to Bankruptcy Rule 7065, accordingly, security is required for the issuance of the Injunction or Temporary

---

Restraining Order.  Plaintiff Arbelaez shall provide $1,000.00 as security under Federal Rule of Civil Procedure 65.  In order to obtain preliminary injunctive relief, the moving party must show: 1) likelihood of success on the merits; 2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; 3)that the balance of equities tips in favor of the moving party; and 4)that an injunction is in the public interest.[3] In the event that there is a weakness in one of the elements, the court may offset the weakness with a stronger showing of another element.[4]

### *Plaintiff is Likely to Succeed on the Merits and Be Irreparably Injured Without Relief*

55. Regarding the criterion of the likelihood of success on the merits, as incorporated above, Plaintiff Arbelaez has established all of the elements of a claim of equitable redemption- many of which have been confirmed by Defendant Bower.

56. Plaintiff Arbelaez asserts that Plaintiff would be irreparably harmed without relief as the property could be sold at foreclosure sale on March 7, 2023, and Plaintiff would lose the property which Plaintiff has owned since 2018, a significant investment in time and money, and any claims against the Debtor Bower after the fact would likely be unsatisfied as she is a Debtor in a Chapter 7 liquidation Bankruptcy.

### *Balance of Equities Tips Toward Plaintiff*

57. Plaintiff Arbelaez asserts that the balance of equities tips in its favor.  Plaintiff was a bona fide purchaser for value in the 2018 junior lien sale.  Plaintiff Arbelaez had no prior relationship with the previous owners or the Debtor Bower, their counsel.  Plaintiff Arbelaez has had to prosecute or defend several cases, over a five-year period, regarding

---

[3] *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 129 S. Ct. 365 (2008).

[4] *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

this Property in Justice of the Peace Court, County Court at Law in Tarrant County, District Court of Tarrant County, and in the United States District and Bankruptcy Courts of the Northern District of Texas, incurring significant legal fees in the process.  Plaintiff Arbelaez has expended significant resources protecting and defending its ownership of the Property.  Now that ownership is being threatened by a scheme where either: (1) Defendant Bower is trying to personally profit off her own clients', the Billups, misfortune or (2) coordinate with the Billups to maneuver title to the Property back to her clients, while both Bower and Billups are in independent active bankruptcy actions.

58. The balance of equities indicates that Plaintiff Arbelaez, as a bona fide purchaser for value, should be able to protect its property and investment all while not prohibiting any claims that Defendant's clients or Defendant Bower may have against any other entity they accuse of malfeasance.

### Injunctive Relief is in the Public Interest

59. Plaintiff Arbelaez would show that issuing injunctive relief for the Plaintiff is in the public interest.  The caselaw provides an equitable right of redemption for property owners so that they do not have to see their investment and ownership threatened by lienholders with a greater interest in foreclosure than the satisfaction of the debt owed to them.

60. Without intervention, this scheme would deprive Plaintiff Arbelaez of its rights and equity in the Property all because Plaintiff purchased the Property at a junior lien sale. Injunctive relief would not impair Defendant Bower's rights under her lien, but simply delay the immediate sale and maintain the status quo allowing Plaintiff Arbelaez to exercise its right of equitable redemption.

61.  Having satisfied all four prongs required to obtain injunctive relief would ask this court to enjoin Defendant Bower from proceeding with the foreclosure sale of the Property and require Defendant Bower to provide Plaintiff its rights under equitable redemption.

62. Plaintiff Arbelaez is prepared to present evidence at a hearing on their application for temporary injunction between the date of the filing of this pleading and the morning of March 7, 2023 when the property is set for foreclosure sale.  If such a hearing cannot be heard prior to the morning of March 7, 2023, Plaintiff Arbelaez requests that the Court act immediately, prior to giving notice to Defendant Bower, and without a hearing on the matter, because the harm is imminent and the harm to Plaintiff Arbelaez substantially outweighs any delay to Defendant Bower that would result from the postponement of the foreclosure sale.

H.

**REQUEST FOR PERMANENT INJUNCTION**

63. Plaintiff Arbelaez hereby incorporates by reference and realleges all facts above, herein, and below as if fully set forth herein.

64. Plaintiff Arbelaez seeks a permanent injunction from Defendant Bower which enjoins Defendant from:

    a.   rejecting a request for payoff of Defendant Bower's lien;

    b.   rejecting full payment of the lien by Plaintiff Arbelaez;

    c.   posting the property for foreclosure unless Plaintiff Arbelaez fails to tender payment after receiving a statement showing the amount owing under the lien; and

    d.   Selling the Property at foreclosure sale on March 7, 2023, either in her individual capacity or through an agent or duly appointed substitute trustee.

I.

## **ATTORNEY'S FEES**

65. Plaintiff Arbelaez has been required to retain counsel to prosecute this action and defend

Plaintiff's rights to the Property and Plaintiff has agreed to pay counsel reasonable fees for

the necessary services.  An award of attorneys' fees to the Plaintiff would be equitable,

just, and authorized by Chapter 37 of the Texas Civil Practice & Remedies Code.

J.

## **CONDITIONS PRECEDENT**

66. All conditions precedent to Plaintiff's suit have occurred or have been performed.

K.

## **PRAYER**

WHEREFORE, Plaintiff prays that the Defendant be cited to appear and answer and that

Plaintiff be awarded:

    a.  A Temporary Restraining Order or Temporary Injunction as requested and detailed

        above.

    b.  Declaratory judgement as set forth herein;

    c.  Permanent injunction as related to the Property;

    d.  Attorney's fees and costs of court;

    e.  Equitable relief as determined by the Court and trier of fact; and

    f.  All further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**MANNING & MEYERS**
Attorneys at Law

By: _/s/ Lance Erickson_
Lance Erickson
Texas Bar No. 24072509
MANNING & MEYERS
Attorneys at Law
4340 N. Central Expressway, Suite 200
Dallas, Texas 75206
Telephone: (214) 823-6600
Facsimile: (214) 821-3800
Email: Lance@HOALegal.com

**ATTORNEY FOR PLAINTIFF**
**ARBELAEZ INVESTMENTS, LLC**


## CERTIFICATE OF CONFERENCE

On March 3, 2023, prior to the filing of the Adversary Complaint with the Application for Temporary Injunction or Temporary Restraining Order, I attempted to confer with counsel for the Defendant who is the Defendant herself, Alice Bower. Due to the emergency nature of the Motion, it was not practicable for counsel for the Plaintiff Arbelaez to hold a conference with Counsel for Defendant Bower prior to filing the Complaint. I hereby certify that counsel for Plaintiff is currently attempting to confer with counsel to the Defendant Bower regarding the relief requested in the Complaint. Accordingly, the Motion is presumed to be opposed

Dated: March 3, 2023

_/s/ Lance Erickson_
Lance Erickson
Attorney for Plaintiff

**VERIFICATION**

I, David Arbelaez, declare as follows:

1. I am the owner and principal of Arbelaez Investments, LLC., the Plaintiff in this adversary proceeding and authorized and competent to make this Verification.

2. Arbelaez Investments, LLC. purchased the Property located at 2723 Excalibur Dr., Grand Prairie, Texas 75052 and received the Foreclosure Sale Deed that was filed with the County Clerk of Tarrant County, Texas on June 7, 2018, at Instrument No. D218123087.

3. I have read the foregoing Original Complaint and Application for Temporary Injunction and/or Temporary Restraining Order.

4. I have personal knowledge of myself, my activities and my intentions including those set out in the foregoing Complaint. If called to testify, I would competently testify as to the matters asserted.

5. I am ready, willing and able to tender the payoff for the lien and have made at least one attempt to do so through my agent David Stockman on February 24, 2023.

6. Arbelaez Investments, LLC has made improvements to the Property, the cost of which exceeds $100,000.00 and would suffer a loss of equity and investment should the property be sold at the primary lien foreclosure sale.

7. I verify, under penalty of perjury under the laws of the United States of America, that the factual statements in this Complaint concerning myself, my activities, activities of my counsel and agent, and my intentions are true and correct. 28 U.S.C. §1746

Executed on March 3, 2023.

David Arbelaez

# Exhibit 1

D218123087  6/7/2018 7:46 AM    PGS 14    Fee: $68.00    Submitter: SIMPLIFILE
Electronically Recorded by Tarrant County Clerk in Official Public Records    *Mary Louise Garcia*  Mary Louise Garcia

## FORECLOSURE SALE DEED

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF TARRANT | § |

**Date:** June 5, 2018

**Borrower:** Cedric L. Billups and Donna M. Billups (herein "Borrower")

**Noteholder:** Partners for Payment Relief DE II, LLC, as assigned (herein "Noteholder")

**Note:** Note dated December 22, 2000, executed by Borrower in the original principal amount of $23,300.00, payable to the order of Sebring Capital Corporation (herein the "Note")

**Deed of Trust:** Purchase Money Deed of Trust dated December 22, 2000, executed by Borrower to Don W. Ledbetter, Trustee, for the benefit of Sebring Capital Corporation, recorded in Volume 14675, Page 0177 of the Official Public Records of Tarrant County, Texas (herein the "Deed of Trust")

**Assignments:** (A) Assignment of Deed of Trust or Mortgage dated December 27, 2000, of record in Volume 15537, Page 378, Official Public Records of Tarrant County, Texas, executed by Sebring Capital Corporation, in favor of Bank One, National Association, as Trustee;

(B) Corporate Assignment of Deed of Trust dated October 8, 2013, electronically recorded under Instrument No. D214160956, Official Public Records of Tarrant County, Texas, executed by Ocwen Loan Servicing, LLC Attorney in fact for The Bank of New York Mellon Trust Company, National Association, as Trustee, F/K/A The Bank of New York Trust Company, N.A., as Trustee, as Successor to JPMorgan Chase Bank N.A. as Trustee, SBM Bank One National Association as Trustee, as Assignor, in favor of Residential Funding Company, LLC, as Assignee;
(C) Corporate Assignment of Deed of Trust dated October 8, 2013, electronically recorded under Instrument No. D214160957, Official Public Records of Tarrant County,

Foreclosure Sale Deed - Page 1 of 10 Pages

Texas, executed by Residential Funding Company, LLC, as Assignor, in favor of Stelis LLC, as Assignee;

(D) Corporate Assignment of Deed of Trust dated April 9, 2014, electronically recorded under Instrument No. D214160958, executed by Stelis, LLC, as Assignor, in favor of Partners for Payment Relief DE II, LLC, as Assignee (herein the "Assignments")

| | |
|---|---|
| Property: | Being Lot 27, Block E of Phase I, Kingswood Forest Addition, an Addition to the City of Grand Prairie, Tarrant County, Texas, according to the Map thereof recorded in Cabinet A, Slide 4340, of the Plat Records of Tarrant County, Texas (herein the "Property") |
| Substitute Trustee: | William Riley Nix, David Stockman, Donna Stockman, Guy Wiggs, Brenda Wiggs, Denise Boerner, Tim Lewis, Michelle Schwartz, and Lori McCarty (herein the "Substitute Trustee") |
| Substitute Trustee's Mailing Address: | 717 North Crockett Street Sherman, Grayson County, Texas 75090 |
| Date of Sale of Property: | June 5, 2018 |
| Time Sale of Property Began: | 11:08 a.m. |
| Place of Sale of Property: | At the base of the courthouse steps on the east side of the Old Tarrant County Courthouse, 100 West Weatherford Street, Fort Worth, Texas 76102-2115, at the place designated by the Tarrant County Commissioner's Court for such sales; |
| Buyer: | ARBELAEZ INVESTMENTS, LLC |
| Buyer's Mailing Address: | 3305 Pleasant Valley Lane Arlington, Texas 76015 |
| Amount of Sale: | $49,000.00 |

By Deed of Trust, (as assigned) Grantor conveyed to PARTNERS FOR PAYMENT RELIEF DE II, LLC, the following described real property:

Foreclosure Sale Deed - Page 2 of 10 Pages

Being Lot 27, Block E of Phase I, Kingswood Forest Addition, an Addition to the
City of Grand Prairie, Tarrant County, Texas, according to the Map thereof recorded
in Cabinet A, Slide 4340, of the Plat Records of Tarrant County, Texas;

together with the improvements, personal property, fixtures, appurtenances, and other rights, titles,

and interests more particularly described in the Deed of Trust (hereinafter collectively referred to as

the "Property"), for the purpose of securing and enforcing payment of the indebtedness and

obligations therein described (collectively the "Obligations") including but not limited to the Note

described herein.

William Riley Nix, David Stockman, Donna Stockman, Guy Wiggs, Brenda Wiggs, Denise

Boerner, Tim Lewis, Michelle Schwartz, and Lori McCarty were appointed by an Appointment of

Substitute Trustee executed by Noteholder, duly recorded in the Official Public Records of Tarrant

County, Texas. Noteholder requested William Riley Nix, David Stockman, Donna Stockman, Guy

Wiggs, Brenda Wiggs, Denise Boerner, Tim Lewis, Michelle Schwartz, and Lori McCarty, to act

under and by virtue of the Deed of Trust, and either one of them acting alone, is duly empowered to

serve as Substitute Trustee to enforce the trust of the Deed of Trust as default had occurred in the

payment of the Obligations when due. William Riley Nix, as Substitute Trustee filed or caused to

be filed, a Notice of Substitute Trustee's Sale on May 14, 2018, at 8:18 a.m. with the Tarrant County

Clerk, and posted the Property for a foreclosure sale to be held on June 5, 2018.

Pursuant to the requirements of the Deed of Trust and the laws of the State of Texas, written

notice of the time, place, date, and terms of the public foreclosure sale of the Property was posted

at the Courthouse door of Tarrant County, Texas, the county in which the Property is situated, and

a copy of the notice was also filed with the County Clerk of Tarrant County, Texas, each notice

having been posted and filed for at least twenty-one days preceding the date of the foreclosure sale.

Foreclosure Sale Deed - Page 3 of 10 Pages

Additionally, written notice of the time, date, place, and terms of the foreclosure sale was served on behalf of Noteholder by certified mail on each debtor who, according to the records of the Noteholder, is obligated to pay any of the Obligations. The certified mailed notices were timely sent by depositing such notices in the United States mail, postage prepaid in proper amount, and addressed to each debtor at the debtor's last known address as shown by the records of Noteholder, at least twenty-one days preceding the date of the foreclosure.

Attached hereto is the Affidavit of William Riley Nix, Substitute Trustee for the posting and mailing of the notice of foreclosure sale, and the Affidavit of David Stockman for the conduct of the foreclosure sale.

In consideration of the premises and of the bid and payment in cash of the sum of FORTY-NINE THOUSAND AND NO/100 DOLLARS ($49,000.00), the highest bid by Buyer, I, WILLIAM RILEY NIX, Substitute Trustee, by virtue of the authority conferred on me in the Deed of Trust, have GRANTED, SOLD, and CONVEYED and by these presents do GRANT, SELL, and CONVEY to Buyer, Buyer's successors and assigns, all of the Property.

TO HAVE AND TO HOLD the Property, together with the rights, privileges, and appurtenances thereto belonging unto Buyer, Buyer's successors and assigns, forever; and I, as the Substitute Trustee, do hereby bind Grantor, Grantor's heirs and assigns, to WARRANT AND FOREVER DEFEND the Property to Buyer, Buyer's successors and assigns forever, against the claim or claims of all persons claiming or to claim the same or any part thereof.

Executed this 5th day of June, 2018.

_____
WILLIAM RILEY NIX, Substitute Trustee

Foreclosure Sale Deed - Page 4 of 10 Pages

THE STATE OF TEXAS                    §
                                      §
COUNTY OF GRAYSON                     §

     This instrument was acknowledged before me on the ___ day of June, 2018, by WILLIAM RILEY NIX, as Substitute Trustee, and in the capacity therein stated.

_____
Notary Public, in and for the State of Texas

JOYCE Y BUTLER
Notary Public, State of Texas
Notary ID # 409495-5
My Commission Expires
March 4, 2021

Foreclosure Sale Deed - Page 5 of 10 Pages

THE STATE OF TEXAS          §
                                             §
COUNTY OF GRAYSON       §

## AFFIDAVIT OF SUBSTITUTE TRUSTEE

BEFORE ME, the undersigned authority, on this day personally appeared WILLIAM RILEY NIX, who, after being duly sworn, upon oath stated:

"I, WILLIAM RILEY NIX, am over the age of eighteen (18) years, have never been convicted of a felony or crime of moral turpitude, and have personal knowledge of the facts set forth herein.

"At the direction of PARTNERS FOR PAYMENT RELIEF DE II, LLC, (the "Noteholder"), the legal owner and holder of the Note and Deed of Trust described below and of the obligations secured thereby, and as the Substitute Trustee appointed to enforce the power of sale contained in the Purchase Money Deed of Trust dated December 22, 2000, executed by Borrower to Don W. Ledbetter, Trustee, for the benefit of Sebring Capital Corporation, recorded in Volume 14675, Page 0177 of the Official Public Records of Tarrant County, Texas (subsequently assigned to Noteholder), securing that certain Note dated December 22, 2000, executed by Borrower in the original principal amount of $23,300.00,  payable to the order of Sebring Capital Corporation , I served, or caused to be served, a Notice of Substitute Trustee's Sale, a true and correct copy of which is attached hereto as **EXHIBIT "A"** on the following parties on May 15, 2018, at 4:30 p.m. by depositing the same in a wrapper, postage prepaid, certified mail, return receipt requested, and duplicate copy regular, first-class mail in a post office or official depository under the care and custody of the U.S. Postal Service. The parties served with notice and the address of service are as follows:

Foreclosure Sale Deed - Page 6 of 10 Pages

Cedric L. Billups                    **CERTIFIED MAIL #7017-3380-0001-1676-3250**
2723 Excalibur Drive                 **RETURN RECEIPT REQUESTED**
Grand Prairie, TX 75052              **And Regular U.S. Mail**

Donna M. Billups                     **CERTIFIED MAIL #7017-3380-0001-1676-3243**
2723 Excalibur Drive                 **RETURN RECEIPT REQUESTED**
Grand Prairie, TX 75052              **And Regular U.S. Mail**

"Such Notice of Substitute Trustee's Sale was served in strict compliance with the requirements of §51.002 of the Texas Property Code.

"Further, on April 12, 2017, the undersigned served Borrower with a Notice of Default, providing an opportunity to cure the default prior to acceleration and the notice of the proposed foreclosure sale was given.

"Further, within the knowledge of the Noteholder and pursuant to the www.dmdc.osd.mil/scra/owa/home (SCRA-Service Members Civil Relief Act) records, neither CEDRIC L. BILLUPS nor DONNA M. BILLUPS were members of the Armed Forces of the United States of America at any time within nine months prior to the date of posting of said sale or at any time during that period to the date of said sale, and within the knowledge of the Noteholder and Affiant, the said CEDRIC L. BILLLUPS and DONNA M. BILLUPS were living on the date of posting of said notice of said sale and on the date of said sale.

Executed this 5th day of June, 2018.

_____
WILLIAM RILEY NIX, Substitute Trustee

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this the
_____ day of June, 2018.

JOYCE Y BUTLER
Notary Public, State of Texas
Notary ID # 409495-5
My Commission Expires
March 4, 2021

_____
Notary Public in and for the State of Texas

Foreclosure Sale Deed - Page 7 of 10 Pages

THE STATE OF TEXAS                §
                                  §
COUNTY OF GRAYSON                 §

This instrument was acknowledged before me on the _____ *24th* day of June, 2018, by

WILLIAM RILEY NIX, Substitute Trustee, and in the capacity therein stated.

JOYCE Y BUTLER
Notary Public, State of Texas
Notary ID # 409495-5
My Commission Expires
March 4, 2021

Notary Public in and for the State of Texas

Foreclosure Sale Deed – Page 8 of 10 Pages

THE STATE OF TEXAS    §
                      §
COUNTY OF TARRANT     §

### AFFIDAVIT OF SUBSTITUTE TRUSTEE

BEFORE ME, the undersigned authority, on this day personally appeared David Stockman, who, after being duly sworn, upon oath stated:

"I, David Stockman, am over the age of eighteen (18) years, have never been convicted of a felony or crime of moral turpitude, and have personal knowledge of the facts set forth herein.

"On June 5, 2018, at the direction of PARTNERS FOR PAYMENT RELIEF DE II, LLC (the "Noteholder"), the legal owner and holder of the Note and Deed of Trust described below and of the obligations secured thereby, and as the Substitute Trustee appointed to enforce the power of sale contained in the Purchase Money Deed of Trust dated December 22, 2000, executed by Borrower to Don W. Ledbetter, Trustee, for the benefit of Sebring Capital Corporation, recorded in Volume 14675, Page 0177 of the Official Public Records of Tarrant County, Texas (subsequently assigned to Noteholder), securing that certain Note dated December 22, 2000, executed by Borrower in the original principal amount of $23,300.00, payable to the order of Sebring Capital Corporation (subsequently assigned to Noteholder), at a time not earlier than the time set forth in the Notice of Foreclosure Sale and beginning not later than three hours thereafter, I conducted the foreclosure sale. The foreclosure sale occurred at the base of the courthouse steps on the east side of the Old Tarrant County Courthouse, 100 West Weatherford Street, Fort Worth, Texas 76102-2115, at the place designated by the Tarrant County Commissioner's Court for such sales.

Foreclosure Sale Deed - Page 9 of 10 Pages

Executed the ~~8th~~ 6th day of June, 2018.

_____

DAVID STOCKMAN, Substitute Trustee


6th SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this the ___ day of June, 2018, by David Stockman.



_____
Notary Public, State of Texas

THE STATE OF TEXAS §
§
COUNTY OF TARRANT §

This instrument was acknowledged before me on the 6th day of June, 2018, by David Stockman, Substitute Trustee, and in the capacity therein stated.

_____
Notary Public, State of Texas



AFTER RECORDING, RETURN TO:

William Riley Nix, Attorney
717 North Crockett Street
Sherman TX 75090


Foreclosure Sale Deed - Page 10 of 10 Pages

**EXHIBIT "A"**

FILED
2018 MAY 14  AM 8:

**NOTICE OF SUBSTITUTE TRUSTEE'S SALE**

THE STATE OF TEXAS      §

COUNTY OF TARRANT      §

| | |
|---|---|
| Borrower: | Cedric L. Billups and Donna M. Billups (herein "Borrower") |
| Noteholder: | Partners for Payment Relief DE II, LLC, as assigned (herein "Noteholder") |
| Note: | Note dated December 22, 2000, executed by Borrower in the original principal amount of $23,300.00, payable to the order of Sebring Capital Corporation (herein the "Note") |
| Deed of Trust: | Purchase Money Deed of Trust dated December 22, 2000, executed by Borrower to Don W. Ledbetter, Trustee, for the benefit of Sebring Capital Corporation, recorded in Volume 14675, Page 0177 of the Official Public Records of Tarrant County, Texas (herein the "Deed of Trust") |
| Assignments: | (A) Assignment of Deed of Trust or Mortgage dated December 27, 2000, of record in Volume 15537, Page 378, Official Public Records of Tarrant County, Texas, executed by Sebring Capital Corporation, in favor of Bank One, National Association, as Trustee; |
| | (B) Corporate Assignment of Deed of Trust dated October 8, 2013, electronically recorded under Instrument No. D214160956, Official Public Records of Tarrant County, Texas, executed by Ocwen Loan Servicing, LLC Attorney In fact for The Bank of New York Mellon Trust Company, National Association, as Trustee, F/K/A The Bank of New York Trust Company, N.A., as Trustee, as Successor to JPMorgan Chase Bank N.A. as Trustee, SBM Bank One National Association as Trustee, as Assignor, in favor of Residential Funding Company, LLC, as Assignee; |
| | (C) Corporate Assignment of Deed of Trust dated October 8, 2013, electronically recorded under Instrument No. |

FILED

2018 MAY 14 AM 8:

MARY L.

BY

D214160957, Official Public Records of Tarrant County, Texas, executed by Residential Funding Company, LLC, as Assignor, in favor of Stelis LLC, as Assignee;

(D) Corporate Assignment of Deed of Trust dated April 9, 2014, electronically recorded under Instrument No. D214160958, executed by Stelis, LLC, as Assignor, in favor of Partners for Payment Relief DE II, LLC, as Assignee (herein the "Assignments")

**Property:**  Being Lot 27, Block E of Phase I, Kingswood Forest Addition, an Addition to the City of Grand Prairie, Tarrant County, Texas, according to the Map thereof recorded in Cabinet A, Slide 4340, of the Plat Records of Tarrant County, Texas (herein the "Property")

**Substitute Trustee:**  William Riley Nix, David Stockman, Donna Stockman, Guy Wiggs, Brenda Wiggs, Denise Boerner, Tim Lewis, Michelle Schwartz, and Lori McCarty (herein the "Substitute Trustee")

**Substitute Trustee's Mailing Address:**  717 North Crockett Street
Sherman, Grayson County, Texas 75090

**WHEREAS,** pursuant to the Deed of Trust, Borrower conveyed to Don W. Ledbetter, Trustee for the benefit of Noteholder, the Property as herein described together with the improvements, personal property, fixtures, appurtenances, and other rights, titles, and interests more particularly described in the Deed of Trust (hereinafter collectively referred to as the "Property"), to secure the payment of, among other things, the Note;

**WHEREAS,** the undersigned has been appointed Substitute Trustee (herein so called) in the place of the original Trustee pursuant to the terms of the Deed of Trust;

**WHEREAS,** an event of default has occurred under the terms of the Note and the Deed of Trust, and pursuant to its rights under the Note and the Deed of Trust, Noteholder accelerated the maturity of the Note, causing the entire unpaid principal balance of and all accrued and unpaid interest thereon to become due and payable, and written notice of default and Noteholder's intent to accelerate, and written notice of acceleration have been given to Borrower;

**WHEREAS,** the Note has remained unpaid from the date that it was accelerated and declared due and payable; and



FILED

TARRANT COUNTY TEXAS

2018 MAY 14  AM 8: ::

GARCIA

**WHEREAS,** Noteholder has requested William Riley Nix, David Stockman, Donna Stockman, Guy Wiggs, Brenda Wiggs, Denise Boerner, Tim Lewis, Michelle Schwartz, and Lori McCarty, as Substitute Trustee, and either one of them acting alone, is duly empowered to serve as Substitute Trustee to sell the Property in the manner provided for in the Deed of Trust (the "Foreclosure Sale"), to satisfy the indebtedness secured by the lien of the Deed of Trust (the "Indebtedness").

**NOW, THEREFORE, NOTICE IS HEREBY GIVEN** that the Property will be sold at the Foreclosure Sale pursuant to the Texas Property Code, as follows:

1.    The Foreclosure Sale will be on **Tuesday, June 5, 2018;**

2.    The earliest time at which the Foreclosure Sale will occur is 10:00 a.m. and will begin at that time or not later than three hours after that time;

3.    The Foreclosure Sale will take place at **the base of the courthouse steps on the east side of the Old Tarrant County Courthouse, 100 West Weatherford Street, Fort Worth, Texas 76102-2115,** at the place designated by the Tarrant County Commissioner's Court for such sales; and

4.    The Property will be sold to the highest bidder for cash, except that Noteholder's bid may be by credit against the Indebtedness.

The sale noticed herein shall include the interest of the Borrower in any fixtures and personal property covered by the Deed of Trust and any other documents executed in connection with or as security for the Note, Noteholder having directed the undersigned to sell, and the undersigned hereby noticing the sale of, any such fixtures and personalty pursuant to rights granted to the Noteholder under the Texas Business and Commerce Code.

**THE SALE OF THE PROPERTY IS "AS IS" AND "WHERE IS" AND WITHOUT REPRESENTATION OR WARRANTY OF ANY KIND BY THE SUBSTITUTE TRUSTEE, EXPRESS, IMPLIED, STATUTORY, QUASI-STATUTORY OR OTHERWISE, ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE BEING EXPRESSLY DISCLAIMED. EXCEPT AS EXPRESSLY PROVIDED HEREIN, THE SUBSTITUTE TRUSTEE MAKES NO REPRESENTATIONS OR WARRANTIES WITH RESPECT TO COMPLIANCE WITH LAWS, RULES, AGREEMENTS OR SPECIFICATIONS, NOR WITH RESPECT TO CONDITION, QUALITY, CAPACITY, DESIGN, OPERATION, ABSENCE OF ANY LATENT DEFECTS OR ANY OTHER WARRANTY OR REPRESENTATION WHATSOEVER WITH RESPECT TO THE PROPERTY, ALL OF WHICH ARE EXPRESSLY WAIVED BY PURCHASER.**

Notice of Substitute Trustee's Sale                                                          3

FILED
T"RR" " COUNTY TE" .S

2018 MAY 14  AM 8: 1

MAR" -  - TRCIA
COU" " .L"

**ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.**

WITNESS MY HAND this 10th day of May, 2018.

WILLIAM RILEY NIX, Substitute Trustee

THE STATE OF TEXAS        §

COUNTY OF GRAYSON    §

This instrument was acknowledged before me on the _10th_ day of May, 2018, by WILLIAM RILEY NIX, Substitute Trustee.

Notary Public, State of Texas

JOYCE Y BUTLER
Notary Public, State of Texas
Notary ID # 409495-5
My Commission Expires
March 4, 2021

# Exhibit 2

**Page 1 of 2**

NOTICE OF LIS PENDENS

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF TARRANT | § |

NOTICE IS HEREBY GIVEN that Cause No. 20-04011 styled CEDRIC BILLUPS AND DONNA MARIE BILLUPS v. PARTNERS FOR PAYMENT RELIEF DE II, LLC; ARBELAEZ INVESTMENTS, LLC; OCWEN LOAN SERVICING, LLC; RESIDENTIAL FUNDING COMPANY, LLC and STELLIS, LLC was commenced in the United States Bankruptcy Court of the Northern District of Texas, Fort Worth Division on February 11, 2020, and is now pending in such court.

The action involves the title to the real property located at 2723 Excalibur Drive, Grand Prairie, Texas 75052 in Tarrant County, Texas and described as follows:

> Lot 27, Block E, of PHASE I, KINGSWOOD FOREST ADDITION, an Addition to the City of Arlington, Tarrant County, Texas, according to the Map thereof recorded in Cabinet A, Slide 4340, of the Plat Records of Tarrant County, Texas.

The action is a suit to quiet title and declaratory relief including a determination to determine that a foreclosure sale which occurred on June 5, 2018 was void *ab initio* which includes rescission and cancellation of a deed executed on or about June 5, 2018, and purporting to convey the real property described above to the defendant, ARBELAEZ INVESTMENTS, LLC.

SIGNED FEBRUARY 24, 2020.

*Alice Bower* (signature)

Alice Bower
ACKNOWLEDGMENT

STATE OF TEXAS,
COUNTY OF

BEFORE ME, the undersigned Notary Public, on this day personally appeared Alice Bower, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.

GIVEN under my hand and seal of office on this the 24th day of February 2020.

*Dan Burtis* (signature)

Dan Burtis
Notary Public in and for Tarrant County, Texas
My commission expires: 5/18/2020

DAN BURTIS
Notary Public, State of Texas
Comm. Expires 05-18-2020
Notary ID 128993366

Page 2 of 2



MARY LOUISE NICHOLSON
COUNTY CLERK

100 West Weatherford   Fort Worth, TX 76196-0401

PHONE (817) 884-1195

LAW OFFICE OF ALICE BOWER
6421 CAMP BOWIE BLVD
STE 300
FT WORTH, TX 76119

Submitter:   LAW OFFICE OF ALICE BOWER

**DO NOT DESTROY**
**WARNING - THIS IS PART OF THE OFFICIAL RECORD.**

Filed For Registration    2/25/2020 11:16 AM
Instrument #    D220044045
LP            2      PGS        $19.00

By: _____

D220044045

ANY PROVISION WHICH RESTRICTS THE SALE, RENTAL OR USE OF THE DESCRIBED REAL PROPERTY
BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.

# Exhibit 3

2723 Excalibur Dr
Grand Prairie, TX 75052

# NOTICE OF TRUSTEE'S SALE

## AND

## APPOINTMENT OF SUBSTITUTE TRUSTEE

**THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE IDENTIFIED TO
SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT
IDENTIFIED IN THIS NOTICE OF SALE. THE PERSON SIGNING THIS
NOTICE IS THE BENEFICIARY OF THE MORTGAGEE**

Whereas, on December 22, 2000, CEDRIC L. BILLUPS and spouse, DONNA M. BILLUPS executed a Deed of Trust conveying to DON W. LEDBETTER, Trustee, the real property hereinafter described, to secure Sebring Capital Corporation, in the payment of a debt therein described, and said Deed of Trust being recorded as document D201003425 on January 4, 2001 in the deed records of Tarrant County, Texas.

Whereas, default has occurred in the payment of said indebtedness, and the same is now wholly due, and the owner and holder of said debt has requested the hereinafter appointed Substitute Trustee to sell said property to the highest bidder for cash and to distribute or apply the proceeds of said sale in accordance with the terms of said Deed of Trust.

Whereas, in my capacity as the beneficiary of the present owner and holder of the note, and pursuant to Section 51.0076(3) Texas Property Code, I hereby name, appoint and designate Adrian Spearman, the substitute trustee in the above-described Deed of Trust and/or to act under and by virtue of said Deed of Trust, including posting and filing the public notice required under Section 51.002 Texas Property Code as amended, and to proceed with a foreclosure of the Deed of Trust lien securing the payment of said note.

NOW, THEREFORE, NOTICE IS HEREBY GIVEN that on Tuesday, March 7, 2023, at 1:00 P.M. or within three (3) hours thereafter, the Substitute Trustee will sell said real property at the place hereinafter set out, to the highest bidder for cash. The place of sale shall be at the base of the courthouse steps on the west side of the building located at 100 West Weatherford Street, Fort Worth, Texas.

Said real property is described as follows:

BY.
DEPUTY
COUNTY CLERK, TARRANT CO., TEXAS

FEB 1 4 2023

FILED

P223003868



Lot 27, Block E of Phase I, Kingswood Forest Addition, an addition to the City of Grand Prairie, Tarrant County, Texas, according to the map thereof recorded in Cabinet A, Slide 4340, of the Plat Records of Tarrant County, Texas.

The Deed of Trust permits the beneficiary to postpone, withdraw or reschedule the sale for another day. In that case, the Trustee under the Deed of Trust or Substitute Trustee appointed herein need not appear at the date, time and place of a scheduled sale to announce the postponement, withdrawal or rescheduling. Notice of the date of any rescheduled foreclosure sale will be reposted and refiled in accordance with the posting and filing requirements of the Texas Property Code. The reposting or refiling may be after the date originally scheduled for this sale.

Pursuant to Section 51.009 of the Texas Property Code, the property will be sold in "AS IS WHERE IS" condition, without any express or implied warranties, except as to the warranties of title (if any) provided for under the Deed of Trust. Prospective bidders are advised to conduct an independent investigation of the nature and physical condition of the property and the priority of the lien being foreclosed. Prospective bidders are additionally advised that this property is the subject of on-going litigation in the Northern District of Texas, Adversary Case Number 20-04011. Notice of the on-going litigation is recorded as a Lis Pendens as Document D220074046 in the deed records of Tarrant County, Texas.

The sale will be conducted as a public auction to the highest bidder for cash, subject to the provisions of the Deed of Trust permitting the Beneficiary thereunder to have the bid credited to the Note up to the amount of the unpaid debt secured by the Deed of Trust at the time of sale.

Those desiring to purchase the property will need to demonstrate their ability to pay their bid immediately in cash if their bid is accepted.

The sale will be made expressly subject to any title matters set forth in the Deed of Trust, but prospective bidders are reminded that by law the sale will necessarily be made subject to all prior matters of record affecting the property, if any, to the extent that they remain in force and effect and have not been subordinated to the Deed of Trust. The sale shall not cover any part of the property that has been released of public record from the lien of the Deed of Trust. Prospective bidders are strongly urged to examine the applicable property records to determine the priority, nature and extent of such matter, if any.

UNOFFICIAL COPY

COUNTY CLERK, TARRANT CO., TEXAS

FEB 1 4 2023

FILED

In the event of a defect or other problem with the foreclosure process is discovered that may invalidate the sale, the consideration paid will be returned to the purchaser as the sole and absolute remedy. In the event that any claim or action brought by any person including the purchaser requiring or resulting in the invalidation of the sale and rescission of the Trustee's Deed or Substitute Trustee's Deed, purchaser's damages resulting therefore are limited to the consideration paid to the Trustee or Substitute Trustee and the sole and absolute remedy shall be the return to the purchaser of the consideration paid. The purchaser shall have no further recourse against the Trustee, Substitute Trustee, Mortgagor, Mortgagee, or the Mortgagee's attorney.

Default has occurred under the Deed of Trust, and the beneficiary has requested the above named Trustee or Substitute Trustee to conduct this public sale. Notice is given that before the sale the beneficiary or the beneficiary's attorney, agent or servicer may appoint another person substitute trustee to conduct the sale.

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

The substitute trustee's address is Adrian Spearman, 3662 Camp Wisdom Rd., Suite 2044, Dallas, Texas 75237.

WITNESS MY HAND on February 14, 2023.

*Alice Bower*

Alice Bower, Beneficiary
933 Wade Dr
Bedford, TX 76022
alice@alicebower.com
817-737-5436

FILED
FEB 1 4 2023
COUNTY CLERK, TARRANT CO., TEXAS
BY_____ DEPUTY

# Exhibit 4

# Northern District of Texas
# Claims Register

## 19-45049-elm13 Cedric Lavon Billups, Sr. and Donna Marie Billups

| | |
|---|---|
| **Judge:** Edward L. Morris | **Chapter:** 13 |
| **Office:** Ft. Worth | **Last Date to file claims:** 02/19/2020 |
| **Trustee:** Pam Bassel | **Last Date to file (Govt):** 06/08/2020 |

---

*Creditor:* (18833201)
Medical Center Of Arlington
Resurgent Capital Services
PO Box 1927
Greenville, SC 29602

**Claim No: 1**
*Original Filed*
*Date:* 12/16/2019
*Original Entered*
*Date:* 12/16/2019

*Status:*
*Filed by:* CR
*Entered by:* William Andrews
*Modified:*

Amount claimed: $1770.00
Secured claimed:      $0.00

*History:*

Details ◉  1-1  12/16/2019 Claim #1 filed by Medical Center Of Arlington, Amount claimed: $1770.00 (Andrews, William)

*Description:*
*Remarks:*

---

*Creditor:* (18841506)
AmeriCredit Financial Services, Inc.
dba GM Financial
P O Box 183853
Arlington, TX 76096

**Claim No: 2**
*Original Filed*
*Date:* 12/27/2019
*Original Entered*
*Date:* 12/27/2019

*Status:* Withdraw 113
*Filed by:* CR
*Entered by:* Mandy Youngblood
*Modified:*

Amount claimed: $14800.29
Secured claimed:      $0.00

*History:*

Details ◉  2-1  12/27/2019 Claim #2 filed by AmeriCredit Financial Services, Inc., Amount claimed: $14800.29 (Youngblood, Mandy)

113  11/23/2020 Withdrawal of claim(s) Claim has been satisfied. Claim: 2 Filed by Creditor AmeriCredit Financial Services, Inc. dba GM Financial. (Youngblood, Mandy) Status: Withdraw

*Description:* (2-1) #5295
*Remarks:*

---

*Creditor:* (18841864)
Capital One Bank (USA), N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC 28272-1083

**Claim No: 3**
*Original Filed*
*Date:* 12/29/2019
*Original Entered*
*Date:* 12/29/2019

*Status:*
*Filed by:* CR
*Entered by:* Ashley Boswell
*Modified:*

Amount claimed: $255.01

*History:*

Details ◉  3-1  12/29/2019 Claim #3 filed by Capital One Bank (USA), N.A., Amount claimed: $255.01 (Boswell, Ashley)

*Description:*
*Remarks:*

*Creditor:*    (18855477)
Capital One Auto Finance, a division of
Capital On
P.O. Box 4360
Houston, TX 77210

**Claim No: 4**
*Original Filed*
*Date:* 01/13/2020
*Original Entered*
*Date:* 01/13/2020

*Status:*
*Filed by:* CR
*Entered by:* Ambrish Bhupendra Patel
*Modified:*

Amount claimed: $1236.92
Secured claimed: $1236.92

*History:*

Details ⊙    4-1    01/13/2020 Claim #4 filed by Capital One Auto Finance, a division of Capital On, Amount claimed: $1236.92 (Patel, Ambrish)

*Description:*
*Remarks:*

*Creditor:*    (18854466)
Arlington ISD
C/O Perdue Brandon Fielder et al
500 East Border Street, Suite 640
Arlington, TX 76010

**Claim No: 5**
*Original Filed*
*Date:* 01/29/2020
*Original Entered*
*Date:* 01/29/2020

*Status:*
*Filed by:* CR
*Entered by:* Eboney D. Cobb
*Modified:*

Amount claimed: $4033.79
Secured claimed: $4033.79

*History:*

Details ⊙    5-1    01/29/2020 Claim #5 filed by Arlington ISD, Amount claimed: $4033.79 (Cobb, Eboney)

*Description:*
*Remarks:*

*Creditor:*    (18883763)
Jefferson Capital Systems LLC
Po Box 7999
Saint Cloud Mn 56302-9617

**Claim No: 6**
*Original Filed*
*Date:* 02/07/2020
*Original Entered*
*Date:* 02/07/2020

*Status:*
*Filed by:* CR
*Entered by:* Bonnie McGrath
*Modified:*

Amount claimed: $519.58

*History:*

Details ⊙    6-1    02/07/2020 Claim #6 filed by Jefferson Capital Systems LLC, Amount claimed: $519.58 (McGrath, Bonnie)

*Description:* (6-1) CREDIT CARD
*Remarks:*

*Creditor:*    (18891276)
Ashley Funding Services, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

**Claim No: 7**
*Original Filed*
*Date:* 02/14/2020
*Original Entered*
*Date:* 02/14/2020

*Status:*
*Filed by:* CR
*Entered by:* Julia Doan
*Modified:*

Amount claimed: $20.54
Secured claimed:  $0.00

*History:*

Details ⊙    7-1    02/14/2020 Claim #7 filed by Ashley Funding Services, LLC, Amount claimed: $20.54 (Doan, Julia)

*Description:*
*Remarks:*

| | |
|---|---|
| *Creditor:* (19159511)<br>Nationstar Mortgage LLC d/b/a Mr. Cooper<br>PO Box 619096<br>Dallas, Texas 75261-9741    Claimant<br>History | *Claim No:* 8<br>*Original Filed*<br>*Date:* 02/18/2020<br>*Original Entered*<br>*Date:* 02/18/2020 |

*Status:*
*Filed by:* CR
*Entered by:* Peter Knapp
*Modified:*

Amount  claimed: $93984.49

Secured claimed: $93984.49

*History:*

| Details ◉ | 8-1 | 02/18/2020 | Claim #8 filed by New Residential Mortgage Loan Trust 2018-1, Amount claimed: $93984.49 (Knapp, Peter) |
|---|---|---|---|
| | doc | 04/14/2020 | Notice of postpetition mortgage fees, expenses, and charges (Claim # 8) with Certificate of Service Filed by Creditor New Residential Mortgage Loan Trust 2018-1. (Suri, Mukta) |
| | 109 | 09/15/2020 | Assignment/Transfer of claim. Fee Amount $25. Transfer Agreement 3001 (e) 2 Transferor: New Residential Mortgage Loan Trust 2018-1 (Claim No. 8) To Nationstar Mortgage LLC d/b/a Mr. Cooper. To Nationstar Mortgage LLC d/b/a Mr. CooperPO Box 619096Dallas, Texas 75261-9741 Filed by Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper. (Suri, Mukta) |
| | doc | 12/11/2020 | Notice of mortgage payment change with certificate of service. Claim # 8. Filed by Creditor New Residential Mortgage Loan Trust 2018-1. (Tillma, Matthew) |
| | doc | 08/06/2021 | Notice of mortgage payment change with certificate of service. Claim # 8. Filed by Creditor New Residential Mortgage Loan Trust 2018-1. (Tillma, Matthew) |
| | doc | 08/03/2022 | Notice of mortgage payment change with certificate of service. Claim # 8. Filed by Creditor New Residential Mortgage Loan Trust 2018-1. (Attachments: # 1 Exhibit Escrow Analysis) (Buchman, Mitchell) |

*Description:*
*Remarks:*

| | |
|---|---|
| *Creditor:* (18895169)<br>City of Austin dba Austin Energy<br>721 Barton Springs RD<br>AUSTIN, TX 78704 | *Claim No:* 9<br>*Original Filed*<br>*Date:* 02/20/2020<br>*Original Entered*<br>*Date:* 02/20/2020 |

*Status:*
*Filed by:* CR
*Entered by:*
*Modified:*

Amount claimed: $17.70

*History:*

| Details ◉ | 9-1 | 02/20/2020 | Claim #9 filed by City of Austin dba Austin Energy, Amount claimed: $17.70 (Admin) |
|---|---|---|---|

*Description:*
*Remarks:* (9-1) Account Number (last 4 digits):0489

# Claims Register Summary

**Case Name:** Cedric Lavon Billups, Sr. and Donna Marie Billups
**Case Number:** 19-45049-elm13
**Chapter:** 13
**Date Filed:** 12/11/2019
**Total Number Of Claims:** 9

| Total Amount Claimed* | $116638.32 |
|---|---|
| Total Amount Allowed* | |

*Includes general unsecured claims

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

|  | Claimed | Allowed |
|---|---|---|
| Secured | $99255.20 | |
| Priority | | |
| Administrative | | |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/03/2023 08:43:21 | | | |
| PACER Login: | lance1303 | Client Code: | |
| Description: | Claims Register | Search Criteria: | 19-45049-elm13 Filed or Entered From: 1/1/1900 Filed or Entered To: 3/3/2023 |
| Billable Pages: | 1 | Cost: | 0.10 |

# Exhibit 5

**Lance Erickson**

| | |
|---|---|
| **From:** | Alice Bower <alice@alicebower.com> |
| **Sent:** | Wednesday, February 15, 2023 6:23 PM |
| **To:** | Lance Erickson |
| **Subject:** | RE: Excalibur notice of foreclosure |

Under what provision of the property code is he entitled to pay off the note?
I know that the obligor is entitled to payoff the note. But I did not find anywhere
that a person who purchased at a foreclosure of a subordinate lien is entitled to
payoff the mortgage.

I will prefer a wire transfer if you can show me that he is entitled to payoff.


Alice Bower
Attorney at Law
6421 Camp Bowie Blvd. Suite 300
Fort Worth, TX 76116
Office 817-737-5436
Cell 817-881-2758
Fax 817-737-2970
alice@alicebower.com
**PAY YOUR ATTORNEY FEES ONLINE:**
(This payment link is **NOT** for making your Trustee Plan Payments)
Law Office of Alice Bower Payment Link

**From:** Lance Erickson <lance@hoalegal.com>
**Sent:** Wednesday, February 15, 2023 8:19 PM
**To:** Alice Bower <alice@alicebower.com>
**Subject:** Re: Excalibur notice of foreclosure

As the owner of the property he is ready to pay off the first. It's not a redemption. For my records, can you please send
me a breakdown of the balance. Would you prefer a cashier's check or wire transfer?

Get Outlook for iOS

**From:** Alice Bower <alice@alicebower.com>
**Sent:** Wednesday, February 15, 2023 8:13:33 PM
**To:** Lance Erickson <lance@hoalegal.com>
**Subject:** RE: Excalibur notice of foreclosure

He is not the obligor on the note. I did not find anything that says that
he has the right to redeem.

Assuming that he has the right to redeem, the payoff is $133957.43

Alice Bower
Attorney at Law
6421 Camp Bowie Blvd. Suite 300
Fort Worth, TX 76116
Office 817-737-5436
Cell 817-881-2758
Fax 817-737-2970
alice@alicebower.com
**PAY YOUR ATTORNEY FEES ONLINE:**
(This payment link is **NOT** for making your Trustee Plan Payments)
Law Office of Alice Bower Payment Link

**From:** Lance Erickson <lance@hoalegal.com>
**Sent:** Wednesday, February 15, 2023 7:51 PM
**To:** Alice Bower <alice@alicebower.com>
**Subject:** Fwd: Excalibur notice of foreclosure

Alice,
    We found the attached notice.  Not sure why my client didn't get a notice of sale. Anyways,   Please provide the payoff
good for 14 days and we will get you a check.

Regards,
Lance Erickson

Get Outlook for iOS

# Exhibit 6

**From:** Chris Hickox <chickox@fidelity-usa.com>
**Sent:** Friday, February 17, 2023 8:12 AM
**To:** David Arbelaez <david@alexcap.com>
**Subject:** FW: 2723 Excalibur Drive Payoff Request

*Kind regards,*



## Chris Hickox
**Escrow Officer, The Baker Firm**

☎ 817.441.8674   📠 817.441.8675   🌐 fidelity-usa.com

✉ chickox@fidelity-usa.com

📍 108 S Ranch House Road, Unit 600. Willow Park, TX. 76008

⊘ Escrow ID # 2012931-1488523   ⊘ Fidelity License # 1876657

(f) (ⓞ)



WARNING! WIRE FRAUD ADVISORY Wire fraud and email hacking/phishing attacks are on the rise! If you receive an email
containing Wire Transfer Instructions, DO NOT RESPOND TO THE EMAIL! Call your escrow officer/closer immediately, using
previously known phone number and NOT a number provided in the email, to verify the info prior to sending funds. Fidelity National
Title does not alter its wiring instructions. If you receive new wiring instructions, please notify me immediately.



**From:** Alice Bower <alice@alicebower.com>
**Sent:** Thursday, February 16, 2023 12:36 PM
**To:** Chris Hickox <chickox@fidelity-usa.com>
**Cc:** Donna Billups <dmm1021@hotmail.com>; cedric billups <clbillups57@hotmail.com>
**Subject:** RE: 2723 Excalibur Drive Payoff Request

Mr. Hickox – I am not required to submit a payoff statement to you or to Arbelaez Investments, LLC. Texas Administrative Code §155.2 applies to "home loans."

In order to apply, the loan that is to be used as the borrower's principal residence. As Arbelaez Investments, LLC is not an individual, Arbelaez Investments, LLC is not entitled to a payoff under the provision that you cited.

If there is a different provision for which Arbelaez Investments, LLC is entitled to a payoff, I will gladly provide the payoff.

Alice Bower
Attorney at Law
6421 Camp Bowie Blvd. Suite 300
Fort Worth, TX 76116
Office 817-737-5436
Cell 817-881-2758
Fax 817-737-2970
alice@alicebower.com

### PAY YOUR ATTORNEY FEES ONLINE:

(This payment link is **NOT** for making your Trustee Plan Payments)
Law Office of Alice Bower Payment Link

**From:** Chris Hickox <chickox@fidelity-usa.com>
**Sent:** Thursday, February 16, 2023 12:22 PM
**To:** Alice Bower <alice@alicebower.com>
**Subject:** 2723 Excalibur Drive Payoff Request

Can I please get a written payoff letter good thru 03/03/2023? I have attached an executed authorization herein. Please let me know if there's anything additional you need from me.





OUR OFFICES WILL BE
CLOSED
MONDAY, FEBRUARY 20TH

# Chris Hickox
**Escrow Officer, The Baker Firm**



📞 817.441.8674   📠 817.441.8675   🌐 fidelity-usa.com

✉ chickox@fidelity-usa.com

📍 108 S Ranch House Road, Unit 600. Willow Park, TX. 76008

⟩ Escrow ID # 2012931-1488523   ⟩ Fidelity License # 1876657



WARNING! WIRE FRAUD ADVISORY Wire fraud and email hacking/phishing attacks are on the rise! If you receive an email
containing Wire Transfer Instructions, DO NOT RESPOND TO THE EMAIL! Call your escrow officer/closer immediately, using
previously known phone number and NOT a number provided in the email, to verify the info prior to sending funds. Fidelity National
Title does not alter its wiring instructions. If you receive new wiring instructions, please notify me immediately.



# Exhibit 7

## RE: Excalibur WITHDRAWING FROM FORECLOSURE

**Alice Bower** <alice@alicebower.com>

Fri 2/24/2023 6:00 PM

To: Lance Erickson <lance@hoalegal.com>

When the notice of default that has to be sent to Arbelaez Investments, LLC
is prepared, I will ask that you be copied on it.


Alice Bower
Attorney at Law
933 Wade Dr
Bedford, TX 76022
Office 817-737-5436
Cell 817-881-2758
Fax 817-737-2970
alice@alicebower.com

**PAY YOUR ATTORNEY FEES ONLINE:**
(This payment link is **NOT** for making your Trustee Plan Payments)
Law Office of Alice Bower Payment Link


**From:** Lance Erickson <lance@hoalegal.com>
**Sent:** Friday, February 24, 2023 5:53 PM
**To:** Alice Bower <alice@alicebower.com>
**Subject:** Re: Excalibur WITHDRAWING FROM FORECLOSURE

Will you please copy me on that correspondence?

Get Outlook for iOS

---

**From:** Alice Bower <alice@alicebower.com>
**Sent:** Friday, February 24, 2023 5:47:41 PM
**To:** Lance Erickson <lance@hoalegal.com>
**Subject:** RE: Excalibur WITHDRAWING FROM FORECLOSURE

I will provide a full detail of amounts owed as requested --- which is
what I told Mr. Stockman.

Alice Bower
Attorney at Law
933 Wade Dr
Bedford, TX 76022
Office 817-737-5436
Cell 817-881-2758
Fax 817-737-2970
alice@alicebower.com

**PAY YOUR ATTORNEY FEES ONLINE:**
(This payment link is **NOT** for making your Trustee Plan Payments)
Law Office of Alice Bower Payment Link

**From:** Lance Erickson <lance@hoalegal.com>
**Sent:** Friday, February 24, 2023 5:46 PM
**To:** Alice Bower <alice@alicebower.com>
**Subject:** Re: Excalibur WITHDRAWING FROM FORECLOSURE

Alice,

Apparently, my client tried to tender a check for $1800 above the amount you had given me last week as owing on the note. He told me you rejected it because it didn't cover the balance owing. Although I am not sure how the balance could have increased more than $1800 in 9 days within the rules regarding associated fees and costs in mortgage law, what is the balance? Again, my client is not looking for a reinstatement amount or anything other than the total balance.


Regards,
Lance Erickson


Get Outlook for iOS

--------------------------------------------------------------------------------

**From:** Alice Bower <alice@alicebower.com>
**Sent:** Wednesday, February 22, 2023 2:36:54 PM
**To:** Lance Erickson <lance@hoalegal.com>
**Subject:** RE: Excalibur WITHDRAWING FROM FORECLOSURE

Lance – I am withdrawing the property from foreclosure to
ensure that I am in full compliance with the foreclosure rules.

Alice Bower
Attorney at Law
933 Wade Dr
Bedford, TX 76022
Office 817-737-5436
Cell 817-881-2758
Fax 817-737-2970
alice@alicebower.com
**PAY YOUR ATTORNEY FEES ONLINE:**
(This payment link is **NOT** for making your Trustee Plan Payments)
Law Office of Alice Bower Payment Link


**From:** Lance Erickson <lance@hoalegal.com>
**Sent:** Friday, February 17, 2023 11:20 AM
**To:** Alice Bower <alice@alicebower.com>
**Subject:** FW: Excalibur notice of foreclosure

Alice,

My client is looking to wire the money today.  Please provide wiring instructions.



Regards,

LANCE ERICKSON
MANNING & MEYERS, ATTORNEYS AT LAW

**To book a discussion with me, click here.**

www.HOALegal.com

4340 N. Central Expy.
Suite 200
Dallas, TX 75206
Phone: 214-823-6600
Fax: 214-821-3800
Lance@HOALegal.com



**You may opt out of receiving further email communications from Manning & Meyers, Attorneys at Law to this email
address by replying with an email message that has the word 'stop' in the subject line.**

*"This is from an attorney debt collector and is an attempt to collect a debt, and any further information obtained will be used
for that purpose."*

*This transmission (including any attachments) is intended only for the use of the named addressee(s), and may contain
information that is privileged or exempt from disclosure under applicable law. If you are not a named addressee, you are
hereby notified that any use, dissemination, distribution, or copying of this transmission is strictly prohibited. If you have
received this transmission in error, please immediately delete the same, destroy all copies, and notify the sender by telephone
at (214) 823-6600 and by reply to this email.*

**From:** Lance Erickson
**Sent:** Thursday, February 16, 2023 1:31 PM
**To:** Alice Bower <alice@alicebower.com>
**Subject:** RE: Excalibur notice of foreclosure

Alice,

First thing's first, if you could please provide the basis for your standing to foreclose. The bankruptcy court
has not been noticed of a transfer of lien and no assignments have been recorded. While, of course that doesn't
mean you didn't purchase the beneficial interest in an existing note, I just don't like taking your word for it. I will
require you to produce documents evidencing standing at some point-so it might as well be now. Obviously the
money to purchase the note could not have come from the Billups without court approval in their bankruptcy, but
nothing would legally prevent you personally from doing so-provided you didn't have an agreement with your
client which would have created an obligation during bankruptcy for that money to be paid back by them-as that
would also be a bankruptcy code violation. I'm sure everything was on the up and up.

Second, My client has been willing and able to pay off the 1st lien since 2018 and my communications with Mr.
Cooper's counsel Grant Tabor along with my client's prior requests for payoffs sent to the mortgage company
throughout this process would show. Due to your adversary and lis pendens clouding title, where you dispute
ownership and have for 3 years now, that process was paused while we clear up legal ownership-which I believe
the Northern District will do in my client's favor shortly.

Besides the glaringly questionable ethical position you are taking in personally exercising an adverse position
and technically foreclosing on your own client, what possible benefit would be gained to your client by taking this
route now? If the property were to go to a valid sale, my client would purchase it and the excess proceeds would
go back to him as the legal owner of the property at the time of foreclosure sale. Either way, he would only be
paying off the first note-which he is trying to do now. I understand and appreciate the crafty strategy that could

have potentially benefited your client if my client was unaware of the foreclosure, but he knows and will not let this property go.

I'm not arguing my client is entitled to notice of the sale-he isn't.  I'm not arguing that my client didn't take the property subject to the 1st lien.  That has never been, and never will be my argument.  My client is not interested in assuming the lien or reinstating the lien or assuming anything.  My client is going to satisfy the lien and have it released.

I deal with quite a few 2nd lien purchasers while doing my day job representing HOAs.  I have seen several cases recently in Tarrant County District Court where 2nd lien buyers have been able to enjoin foreclosure from the primary lien holder due to the primary lien holder failing to providing a payoff using the Conversion Properties v. Kessler argument.  They were enjoined until a payoff was provided.  I feel more than comfortable making the same argument in this circumstance and will do so to enjoin any foreclosure should you fail to provide the payoff.

Regards,

LANCE ERICKSON
MANNING & MEYERS, ATTORNEYS AT LAW

**To book a discussion with me, click here.**



www.HOALegal.com

4340 N. Central Expy.
Suite 200
Dallas, TX  75206
Phone: 214-823-6600
Fax: 214-821-3800
Lance@HOALegal.com

**You may opt out of receiving further email communications from Manning & Meyers, Attorneys at Law to this email address by replying with an email message that has the word 'stop' in the subject line.**

*"This is from an attorney debt collector and is an attempt to collect a debt, and any further information obtained will be used for that purpose."*

*This transmission (including any attachments) is intended only for the use of the named addressee(s), and may contain information that is privileged or exempt from disclosure under applicable law.  If you are not a named addressee, you are hereby notified that any use, dissemination, distribution, or copying of this transmission is strictly prohibited.  If you have received this transmission in error, please immediately delete the same, destroy all copies, and notify the sender by telephone at (214) 823-6600 and by reply to this email.*

**From:** Alice Bower <alice@alicebower.com>
**Sent:** Thursday, February 16, 2023 11:45 AM
**To:** Lance Erickson <lance@hoalegal.com>
**Subject:** RE: Excalibur notice of foreclosure

I think that proves my point. Arbelaez Investments LLC ACQUIRED THE PROPERTY SUBJECT

Case 23-40403-mxm7   Doc 15   Filed 03/03/23   Entered 03/03/23 18:25:42   Desc Main
Document   Page 58 of 78

TO THE FIRST LIEN AND DID NOT SERVICE THE FIRST LIEN.

Arbelaez is not the successor of the borrower. The borrowers are the Billups. He is not a successor to or assignor of
the Billups.

As you stated, "Additionally, my client's charged with liability and obligation to service the prior liens to prevent loss of the property by foreclosure"

Your client has not made a payment or taken any action to payoff the first lien even though he has known
about the first lien since the time that he originally purchased the property according to the answer that was filed on his behalf in response to the Adversary.

All of the notices in the deed of trust are to the borrower, not the owner.

The borrower, not the owner, has the right to reinstate the note.

Arbelaez Investments, LLC has no right to reinstate the note under the terms of the
deed of trust.

He did not take any steps up until yesterday to attempt to prevent the loss of the property by foreclosure.

The Conversion Prop v Kessler case is not on point. That property was sold at foreclosure and the parties were arguing
on how to apply the excess proceeds. There is no argument in this case on the right to reinstate or payoff the note.

Williams V. Nationstar Mortgage supports my position that the purchaser at a foreclosure of a junior lien takes subject to the first lien.

I see nothing in the case law that you have cited that speaks to the right of a purchaser at a foreclosure of
a junior lien to payoff the first lien more than 4 years after the purchase at the foreclosure.

Please cite a case that states that a buyer at the foreclosure of a junior lien has the right to payoff the first
lien rather than bidding at a foreclosure sale.


Alice Bower
Attorney at Law
6421 Camp Bowie Blvd. Suite 300
Fort Worth, TX 76116
Office 817-737-5436
Cell 817-881-2758
Fax 817-737-2970
alice@alicebower.com
**PAY YOUR ATTORNEY FEES ONLINE:**
(This payment link is **NOT** for making your Trustee Plan Payments)

Law Office of Alice Bower Payment Link

**From:** Lance Erickson <lance@hoalegal.com>
**Sent:** Thursday, February 16, 2023 10:41 AM
**To:** Alice Bower <alice@alicebower.com>
**Subject:** Fwd: Excalibur notice of foreclosure

Sent this last night.

Get Outlook for iOS

**From:** Lance Erickson <lance@hoalegal.com>
**Sent:** Wednesday, February 15, 2023 9:21 PM
**To:** Alice Bower <alice@alicebower.com>
**Subject:** Re: Excalibur notice of foreclosure

Alice,

    Under Section 12 of the Deed of Trust: "The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17." Paragraph 17 gives you the right to accelerate and require payment in full. My client, as successor in interest, is willing to submit payment as soon as you provide a payoff statement.

Additionally, my client's charged with liability and obligation to service the prior liens to prevent loss of the property by foreclosure:

Foreclosure does not terminate interests in the foreclosed real estate that are senior to the mortgage being foreclosed. RESTATEMENT (THIRD) OF PROPERTY: MORTGAGES § 7.1 (1997). In fact, the general rule is that the successful bidder at a junior lien foreclosure takes title subject to the prior liens. *See id.* cmt. a; W. MIKE BAGGETT, TEXAS FORECLOSURE LAW & PRACTICE § 2.69 (1984); 59 C.J.S. *Mortgages* § 549 (1998); 59A C.J.S. [**8] *Mortgages* § 601 (1998). The purchaser takes the property charged with the primary liability for the payment of the prior mortgage and must therefore service the prior liens to prevent loss of the property by foreclosure of the prior liens. *See* 55 AM. JUR. 2D *Mortgages* § 808 (1996);

*Conversion Props. v. Kessler*, 994 S.W.2d 810, 813 (Tex. App.—Dallas 1999, pet. denied)

Finally, DTND contends it has a superior interest on the property because the HOA foreclosure extinguished any other liens related to the property. HN7 Under Texas common law, foreclosure does not terminate interests in the foreclosed property that are senior to the lien being foreclosed, and the successful bidder at a junior lien foreclosure takes title subject to the prior liens. *See **Conversion Properties, LLC v. Kessler**, 994 S.W.2d 810, 813 (Tex. App.—Dallas 1999, pet. denied)*. Consequently, "[t]he purchaser takes the property charged with the primary liability for the payment of the prior mortgage and must therefore service the prior liens to prevent loss of the property by foreclosure of the prior liens." *Id.*; *see also Williams v. Nationstar Mortg., LLC*, 349 S.W.3d 90, 95 (Tex. App.—Texarkana 2011, pet. denied); [*11] *Atu v. Slaughter*, No. 14-06-00771-CV, 2007 Tex. App. LEXIS 7485, 2007 WL 2682198, at *3 (Tex. App.—Houston [14th Dist.] Sept. 13, 2007, no pet.) (mem. op.).

Please provide a payoff and we will provide the wire transfer.

Regards,

LANCE ERICKSON
MANNING & MEYERS, ATTORNEYS AT LAW

**To book a discussion with me, click here.**



www.HOALegal.com

4340 N. Central Expy.
Suite 200
Dallas, TX 75206
Phone: 214-823-6600
Fax: 214-821-3800
Lance@HOALegal.com

**You may opt out of receiving further email communications from Manning & Meyers, Attorneys at Law to this email address by replying with an email message that has the word 'stop' in the subject line.**

*"This is from an attorney debt collector and is an attempt to collect a debt, and any further information obtained will be used for that purpose."*

*This transmission (including any attachments) is intended only for the use of the named addressee(s), and may contain information that is privileged or exempt from disclosure under applicable law. If you are not a named addressee, you are hereby notified that any use, dissemination, distribution, or copying of this transmission is strictly prohibited. If you have received this transmission in error, please immediately delete the same, destroy all copies, and notify the sender by telephone at (214) 823-6600 and by reply to this email.*

---

**From:** Alice Bower <alice@alicebower.com>
**Sent:** Wednesday, February 15, 2023 8:22 PM
**To:** Lance Erickson <lance@hoalegal.com>
**Subject:** RE: Excalibur notice of foreclosure

Under what provision of the property code is he entitled to pay off the note?
I know that the obligor is entitled to payoff the note. But I did not find anywhere that a person who purchased at a foreclosure of a subordinate lien is entitled to payoff the mortgage.

I will prefer a wire transfer if you can show me that he is entitled to payoff.

Alice Bower
Attorney at Law
6421 Camp Bowie Blvd. Suite 300
Fort Worth, TX 76116

Office 817-737-5436
Cell 817-881-2758
Fax 817-737-2970
alice@alicebower.com

**PAY YOUR ATTORNEY FEES ONLINE:**

(This payment link is **NOT** for making your Trustee Plan Payments)

Law Office of Alice Bower Payment Link

**From:** Lance Erickson <lance@hoalegal.com>
**Sent:** Wednesday, February 15, 2023 8:19 PM
**To:** Alice Bower <alice@alicebower.com>
**Subject:** Re: Excalibur notice of foreclosure

As the owner of the property he is ready to pay off the first. It's not a redemption. For my records, can you please send me a breakdown of the balance. Would you prefer a cashier's check or wire transfer?

Get Outlook for iOS

────────────────────────────────────────────

**From:** Alice Bower <alice@alicebower.com>
**Sent:** Wednesday, February 15, 2023 8:13:33 PM
**To:** Lance Erickson <lance@hoalegal.com>
**Subject:** RE: Excalibur notice of foreclosure

He is not the obligor on the note. I did not find anything that says that
he has the right to redeem.

Assuming that he has the right to redeem, the payoff is $133957.43


Alice Bower
Attorney at Law
6421 Camp Bowie Blvd. Suite 300
Fort Worth, TX 76116
Office 817-737-5436
Cell 817-881-2758
Fax 817-737-2970
alice@alicebower.com

**PAY YOUR ATTORNEY FEES ONLINE:**

(This payment link is **NOT** for making your Trustee Plan Payments)
Law Office of Alice Bower Payment Link

**From:** Lance Erickson <lance@hoalegal.com>
**Sent:** Wednesday, February 15, 2023 7:51 PM
**To:** Alice Bower <alice@alicebower.com>
**Subject:** Fwd: Excalibur notice of foreclosure

Alice,
   We found the attached notice.  Not sure why my client didn't get a notice of sale. Anyways,   Please provide the payoff good for 14 days and we will get you a check.

Regards,
Lance Erickson

Get Outlook for iOS

# Exhibit 8

## VERIFICATION

I, David Arbelaez, declare as follows:

1. I am the owner and principal of Arbelaez Investments, LLC., the Plaintiff in this adversary proceeding and authorized and competent to make this Verification.

2. Arbelaez Investments, LLC. purchased the Property located at 2723 Excalibur Dr., Grand Prairie, Texas 75052 and received the Foreclosure Sale Deed that was filed with the County Clerk of Tarrant County, Texas on June 7, 2018, at Instrument No. D218123087.

3. I have read the foregoing Original Complaint and Application for Temporary Injunction and/or Temporary Restraining Order.

4. I have personal knowledge of myself, my activities and my intentions including those set out in the foregoing Complaint. If called to testify, I would competently testify as to the matters asserted.

5. I am ready, willing and able to tender the payoff for the lien and have made at least one attempt to do so through my agent David Stockman on February 24, 2023.

6. Arbelaez Investments, LLC has made improvements to the Property, the cost of which exceeds $100,000.00 and would suffer a loss of equity and investment should the property be sold at the primary lien foreclosure sale.

7. I verify, under penalty of perjury under the laws of the United States of America, that the factual statements in this Complaint concerning myself, my activities, activities of my counsel and agent, and my intentions are true and correct. 28 U.S.C. §1746

Executed on March 3, 2023.

David Arbelaez

# Exhibit 9

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **IAN LLOYD BOWER &** | § | **Case No.: 23−40403−mxm7** |
| **ALICE ELAINE BOWER,** | § | **Chapter No.: 7** |
| | § | |
| **DEBTORS** | § | |

---

### RULE 11 AGREEMENT

---

Debtor Alice Elain Bower and Arbelaez Investments hereby notify the Court of their Rule 11 Agreement concerning 2723 Excalibur Dr., Grand Prairie, Texas 75052.

Debtor Alice Elain Bower and Arbelaez Investments have agreed that Ms. Bower will not sell the property at 2723 Excalibur Dr., Grand Prairie, Texas 75052 and will pull the sale of this property from the March 2023 foreclosure sales in Tarrant County, Texas.

Respectfully submitted,

**MANNING & MEYERS**
Attorneys at Law

By:  _/s/ Lance Erickson_
Lance Erickson
Texas Bar No. 24072509
Lance@HOALegal.com
4340 N. Central Expressway, Suite 200
Dallas, Texas 75206
Telephone: (214) 823-6600
Facsimile: (214) 821-3800
Email: Lance@HOALegal.com

**ATTORNEY FOR**
**ARBELAEZ INVESTMENTS**


**LAW OFFICE OF ALICE BOWER**

By:  _/s/_
Alice Bower
Texas Bar No. 15148500
bknotice@alicebower.com
6421 Camp Bowie Boulevard, Suite 300
Fort Worth, TX 76116
(817) 737-5436
Fax : (817) 737-2970

**ATTORNEY FOR DEBTORS**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 27, 2023, a true and correct copy of this document was served on the following in accordance with the Federal Rules of Civil Procedure:

Alice Bower
Law Office of Alice Bower
6421 Camp Bowie Boulevard, Suite 300
Fort Worth, TX 76116
(817) 737-5436
Fax : (817) 737-2970
Email: bknotice@alicebower.com

_/s/ Lance Erickson_
Lance Erickson
Attorney for Arbelaez Investments

# Exhibit 10

## Re: Case No. 23-40403-mxm7 - Rule 11

Lance Erickson <lance@hoalegal.com>
Thu 3/2/2023 5:09 PM
To: Alice Bower <alice@alicebower.com>
Will you be returning the Amended Rule 11 today?

Regards,

LANCE ERICKSON
MANNING & MEYERS, ATTORNEYS AT LAW

**To book a discussion with me, click here.**



www.HOALegal.com

4340 N. Central Expy.
Suite 200
Dallas, TX 75206
Phone: 214-823-6600
Fax: 214-821-3800
Lance@HOALegal.com

**You may opt out of receiving further email communications from Manning & Meyers, Attorneys at Law to this email address by replying with an email message that has the word 'stop' in the subject line.**

*"This is from an attorney debt collector and is an attempt to collect a debt, and any further information obtained will be used for that purpose."*

*This transmission (including any attachments) is intended only for the use of the named addressee(s), and may contain information that is privileged or exempt from disclosure under applicable law. If you are not a named addressee, you are hereby notified that any use, dissemination, distribution, or copying of this transmission is strictly prohibited. If you have received this transmission in error, please immediately delete the same, destroy all copies, and notify the sender by telephone at (214) 823-6600 and by reply to this email.*

---

**From:** Alice Bower <alice@alicebower.com>
**Sent:** Wednesday, March 1, 2023 10:14 PM
**To:** Lance Erickson <lance@hoalegal.com>
**Subject:** RE: Case No. 23-40403-mxm7 - Rule 11

Please get the revision to me early in the day, I have doctor appointments in
Dallas tomorrow and must leave my house by 1 p.m..

Neither me nor any agent or trustee or substitute trustee will be selling
the property at foreclosure on March 7th, 2023.

I will give Arbelaez Investments LLC 30 days' notice of the default amount prior to

posting the property for foreclosure in the future.

Alice Bower
Attorney at Law
933 Wade Dr
Bedford, TX 76022
Office 817-737-5436
Cell 817-881-2758
Fax 817-737-2970
alice@alicebower.com
**PAY YOUR ATTORNEY FEES ONLINE:**
(This payment link is **NOT** for making your Trustee Plan Payments)
Law Office of Alice Bower Payment Link

**From:** Lance Erickson <lance@hoalegal.com>
**Sent:** Wednesday, March 1, 2023 5:45 PM
**To:** Alice Bower <alice@alicebower.com>
**Subject:** Re: Case No. 23-40403-mxm7 - Rule 11

Alice,

   I need an amended Rule 11. Upon further review, the changes that you made are not acceptable. I need a rule 11 stating the property is not going to be sold by you or anyone else appointed by you and that the posting will be pulled. Under your revisions, it is conceivable that the substitute trustee or a subsequent trustee could still sell the property and that is unacceptable. I also would like your promise to provide a default/payoff to Arbelaez prior to subsequent foreclosure posting included as well. I will be providing an amended rule 11 shortly. It needs to be signed by EOB tomorrow or I will have to move forward with the adversary and TRO on Friday.

Regards,
Lance Erickson

Get Outlook for iOS

---

**From:** Alice Bower <alice@alicebower.com>
**Sent:** Tuesday, February 28, 2023 2:36:24 PM
**To:** Lance Erickson <lance@hoalegal.com>
**Subject:** RE: Case No. 23-40403-mxm7 - Rule 11

I anticipate having the payoff to you before March 15th. I am not going to be able to get it before then because I am working on closing down my office.

I AM NOT FORECLOSING on March 7th.

My attorney told me that I have to give Arbelaez Investments a 30 day notice of default. Clearly that was not done so I cannot foreclose on March 7th and I will not be able to foreclose in April either.

Alice Bower
Attorney at Law

933 Wade Dr
Bedford, TX 76022
Office 817-737-5436
Cell 817-881-2758
Fax 817-737-2970
alice@alicebower.com

**PAY YOUR ATTORNEY FEES ONLINE:**
(This payment link is **NOT** for making your Trustee Plan Payments)
Law Office of Alice Bower Payment Link

**From:** Lance Erickson <lance@hoalegal.com>
**Sent:** Tuesday, February 28, 2023 2:30 PM
**To:** Alice Bower <alice@alicebower.com>
**Subject:** RE: Case No. 23-40403-mxm7 - Rule 11

Alice,

   I know you agreed to the Rule 11. It is being filed right now. My client is still nervous that we are not going to receive a notice of default or a payoff. I have been instructed by my client to file an adversary and TRO as soon as possible (within the next day or so)  based on the rejection of the prior quoted amount and the refusal to provide a payoff. I don't think that is necessary as you have stated to me and to my client's representative that my client will receive a default/payoff notice. My client is skeptical and wants the default/payoff information now. Can you provide the default/payoff information or give me a timeframe as to when the information will be provided so that I can avoid the filing of the Adversary/TRO?

Regards,

LANCE ERICKSON
MANNING & MEYERS, ATTORNEYS AT LAW

**To book a discussion with me, click here.**



www.HOALegal.com

4340 N. Central Expy.
Suite 200
Dallas, TX  75206
Phone: 214-823-6600
Fax: 214-821-3800
Lance@HOALegal.com

**You may opt out of receiving further email communications from Manning & Meyers, Attorneys at Law to this email address by replying with an email message that has the word 'stop' in the subject line.**

*"This is from an attorney debt collector and is an attempt to collect a debt, and any further information obtained will be used for that purpose."*

*This transmission (including any attachments) is intended only for the use of the named addressee(s), and may contain information that is privileged or exempt from disclosure under applicable law.  If you are not a named addressee, you are hereby notified that any use, dissemination, distribution, or copying of this transmission is strictly prohibited.  If you have*

*received this transmission in error, please immediately delete the same, destroy all copies, and notify the sender by telephone at (214) 823-6600 and by reply to this email.*

**From:** Alice Bower <alice@alicebower.com>
**Sent:** Monday, February 27, 2023 6:54 PM
**To:** Lance Erickson <lance@hoalegal.com>
**Subject:** RE: Case No. 23-40403-mxm7 - Rule 11

Lance --- I have revised and signed the letter agreement.

Alice Bower
Attorney at Law
6421 Camp Bowie Blvd. Suite 300
Fort Worth, TX 76116
Office 817-737-5436
Cell 817-881-2758
Fax 817-737-2970
alice@alicebower.com
**PAY YOUR ATTORNEY FEES ONLINE:** Law Office of Alice Bower Payment Link

**From:** Lance Erickson <lance@hoalegal.com>
**Sent:** Monday, February 27, 2023 5:32 PM
**To:** Alice Bower <alice@alicebower.com>
**Subject:** FW: Case No. 23-40403-mxm7 - Rule 11

Proposed Rule 11 regarding pulling the sale.

Regards,

LANCE ERICKSON
MANNING & MEYERS, ATTORNEYS AT LAW

**To book a discussion with me, click here.**

www.HOALegal.com

4340 N. Central Expy.
Suite 200
Dallas, TX 75206
Phone: 214-823-6600
Fax: 214-821-3800
Lance@HOALegal.com



**You may opt out of receiving further email communications from Manning & Meyers, Attorneys at Law to this email address by replying with an email message that has the word 'stop' in the subject line.**

*"This is from an attorney debt collector and is an attempt to collect a debt, and any further information obtained will be used for that purpose."*

*This transmission (including any attachments) is intended only for the use of the named addressee(s), and may contain information that is privileged or exempt from disclosure under applicable law.  If you are not a named addressee, you are hereby notified that any use, dissemination, distribution, or copying of this transmission is strictly prohibited.  If you have received this transmission in error, please immediately delete the same, destroy all copies, and notify the sender by telephone at (214) 823-6600 and by reply to this email.*

# Exhibit 11

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **IAN LLOYD BOWER &** | § | **Case No.: 23−40403−mxm7** |
| **ALICE ELAINE BOWER,** | § | **Chapter No.: 7** |
| | § | |
| **DEBTORS** | § | |

---

### AMENDED RULE 11 AGREEMENT

---

Debtor Alice Elain Bower ("Debtor") and Arbelaez Investments hereby notify the Court of their Rule 11 Agreement concerning 2723 Excalibur Dr., Grand Prairie, Texas 75052 ("Property").

Debtor Alice Elain Bower and Arbelaez Investments have agreed to the following:

1. Neither the Debtor nor any agent, representative, assignee, trustee, or substitute trustee of the Debtor will conduct a foreclosure of the Property at foreclosure on March 7th, 2023.
2. Debtor has not transferred, sold, or assigned the note that she holds on the Property.
3. Debtor will give Arbelaez Investments LLC 30 days' notice of the default amount prior to posting the property for foreclosure in the future.
4. Debtor will provide a payoff to Arbelaez Investments LLC on or before March 16, 2023.

Case 23-40403-mxm7    Doc 15    Filed 03/03/23    Entered 03/03/23 18:25:42    Desc Main
Document    Page 77 of 78

Respectfully submitted,

**MANNING & MEYERS**
Attorneys at Law

By:  */s/ Lance Erickson*
Lance Erickson
Texas Bar No. 24072509
Lance@HOALegal.com
4340 N. Central Expressway, Suite 200
Dallas, Texas 75206
Telephone: (214) 823-6600
Facsimile: (214) 821-3800
Email: Lance@HOALegal.com

**ATTORNEY FOR**
**ARBELAEZ INVESTMENTS**

**LAW OFFICE OF ALICE BOWER**

By:  */s/*
Alice Bower
Texas Bar No. 15148500
bknotice@alicebower.com
6421 Camp Bowie Boulevard, Suite 300
Fort Worth, TX 76116
(817) 737-5436
Fax: (817) 737-2970

**ATTORNEY FOR DEBTORS**

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2023, a true and correct copy of this document was served on the following in accordance with the Federal Rules of Civil Procedure:

Alice Bower
Law Office of Alice Bower
6421 Camp Bowie Boulevard, Suite 300
Fort Worth, TX 76116
(817) 737-5436
Fax: (817) 737-2970
Email: bknotice@alicebower.com

/s/ Lance Erickson
Lance Erickson
Attorney for Arbelaez Investments